REBECCA BEACH SMITH, CHIEF JUDGE
This matter comes before the court on the Respondent's "Motion to Continue Stay" ("Motion") and Memorandum in Support, filed on July 6, 2018. ECF Nos. 54, 55. The Motion requests that "the decision in this matter be stayed pending resolution of the petition for a writ of certiorari in" Malvo v. Mathena, 893 F.3d 265 (4th Cir. 2018). ECF No. 54. The Petitioner *717 Marlin Maurice Dumas filed an Opposition to the Motion on July 20, 2018. ECF No. 56. For the reasons below, the court DENIES the Motion.
I.
In determining whether to grant a stay of proceedings pending an appeal, the court must consider four factors:
(1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
(4) where the public interest lies.
Wolfe v. Clarke, 819 F.Supp.2d 574, 578 (E.D. Va. 2011) (Jackson, J.) (citing Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) ); see also Fed. R. Civ. P. 62 (outlining the procedures governing grants of stay); Fed. R. App. P. 8 (doing the same in the appellate context).[1] "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits," a stay "is permissible if the second and fourth factors in the traditional stay analysis" weigh in favor of such an outcome. Hilton, 481 U.S. at 778, 107 S.Ct. 2113.
Here, the Respondent offers no discussion of any of the above factors. The Respondent merely avers that it "has been informed that the respondent in Malvo will be filing a petition for a writ of certiorari with the United States Supreme Court." Mem. Supp. Mot. ¶ 2, ECF No. 55. However, this lone representation meets neither the "strong showing" of the Respondent's likelihood of success, nor the lesser showing that the Respondent has "a substantial case on the merits." Hilton, 481 U.S. at 778, 107 S.Ct. 2113. Nothing in the Respondent's Motion or Memorandum in Support shows that the Supreme Court is likely to grant certiorari in Malvo and that review by the Supreme Court is likely to result in a favorable outcome for the Respondent. As such, the first factor weighs against continuing the stay.[2]
As to irreparable injury, this court has held that where an appeal is pending before the Fourth Circuit that could result in "potentially conflicting obligations [for] the Commonwealth ... from this [c]ourt and the Court of Appeals," irreparable injury to the Commonwealth exists.
*718 Wolfe, 819 F.Supp.2d at 583. In Wolfe, for example, the deadline for retrying the successful habeas petitioner fell prior to the conclusion of the government's appeal before the Fourth Circuit. Id. Such circumstances, the court concluded, irreparably harmed the Commonwealth by requiring it "to retry [the petitioner] before [it] ha[d] clarity from the Fourth Circuit as to its obligations during [such] retrial." Id. As such, the court found sufficient reason to stay the case during the pendency of the appeal.
No such irreparable injury exists here, as there is no currently pending appeal in the Petitioner's case. The Fourth Circuit has already issued its mandate in Malvo, despite the respondent's representation that a petition for certiorari was forthcoming. Motion to Stay Issuance of Mandate Pending Filing of Petition for Writ of Certiorari at 1, Malvo, 893 F.3d 265 (No. 17-6758 ); Order Denying Stay at 1, Malvo, 893 F.3d 265 (No. 17-6758 ). Accordingly, the likelihood of the Respondent facing competing obligations as a result of a conflicting ruling is significantly more remote than in Wolfe. For that reason, analysis of the irreparable injury factor also weighs against continuing the stay.
The third factor, injury to other interested parties, weighs neither against nor in favor of continuing the stay. This court has considered harm resulting to the habeas petitioner in its analysis of injury to other interested parties. Wolfe, 819 F.Supp.2d at 583-84. In Wolfe, the court held that even though the Petitioner would be subject to additional incarceration as a result of a stay, such injury was balanced by the other factors in the analysis and the court's order to return the petitioner to his preferred detention facility. Id. at 584. Here, the Petitioner faces less harm than the Petitioner in Wolfe, as he is not eligible for release or retrial, but only for resentencing. Accordingly, a delay in this case would not necessarily result in additional incarceration time. Nevertheless, the Petitioner has a right to the timely determination of his sentence. See id. (considering "the integrity of the judicial system, namely, in the appropriate treatment of its prisoners" as a factor in the stay analysis (internal quotation marks omitted) ). For that reason, the third factor weighs neither in favor of nor against continuing a stay.
In considering the fourth factor, the interest of the public, courts look at the government's ability to exercise its right to appeal, whether the petitioner is a flight risk or poses a danger to the public if released, and the government's interest in the petitioner's continued custody. Hilton, 481 U.S. at 777-78, 107 S.Ct. 2113 ; Wolfe, 819 F.Supp.2d at 584. Here, the Respondent has failed to show that (1) a grant of certiorari in Malvo is likely, and (2) even if certiorari were granted, a decision favorable for the Respondent would follow. The Respondent has also already had the benefit of a stay pending Malvo's appeal to the Fourth Circuit. Furthermore, there is little risk of the Petitioner's flight or harm to the public, given that proceeding with the case does not require the Petitioner's immediate release. For these reasons, the fourth factor counsels against continuing the stay.
II.
For the reasons set forth above, the court concludes that a further stay of this matter is unjustified at this juncture. The Respondent has provided nothing to suggest that it is likely to succeed upon a further appeal of Malvo ; therefore, the court finds little risk of irreparable injury to the Respondent. And while the court finds that the harm to the Petitioner is not substantial, in light of the first and second factors, the court concludes that the interest *719 of the public lies in moving forward with this case.
Accordingly, the court DENIES the Respondent's Motion for a Continuance of the Stay and LIFTS the stay in this matter. The Court DIRECTS that the Petitioner file any response to the Respondent's Objections to the Magistrate Judge's Report and Recommendation, within fourteen (14) days of the entry of this Order.
IT IS SO ORDERED.

Though the facts of this case and Hilton v. Braunskill, the case establishing the governing standard for stays in the habeas context, differ in certain regards, that standard is nevertheless applicable here. For example, Hilton involved the government's request for a stay pending the appeal of a successful habeas petition that required the petitioner's immediate release. 481 U.S. at 775, 107 S.Ct. 2113. In contrast, the Respondent here requests a stay pending an appeal in another case, and the Petitioner here would only receive a resentencing, if successful. Furthermore, here, the stay comes prior to the final determination of the merits of the petition, whereas in Hilton, the district court had already made its final determination to grant the petition. Nevertheless, because Hilton utilized "the general standard governing stays of civil judgments," it is applicable. Id. at 776, 107 S.Ct. 2113 ("[O]ur decisions have consistently recognized that habeas corpus proceedings are civil in nature. It is therefore logical to conclude that the general standards governing stays of civil judgments should also guide courts [in habeas contexts]." (internal citation and footnote omitted) ).

The court notes that the Fourth Circuit refused to stay its mandate in Malvo despite the respondent's representation there that a petition for a writ of certiorari was forthcoming. See Motion to Stay Issuance of Mandate Pending Filing of Petition for Writ of Certiorari at 1, Malvo, 893 F.3d 265 (No. 17-6758 ); Order Denying Stay at 1, Malvo, 893 F.3d 265 (No. 17-6758 ).